**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | |
|---|---|
| Rachael Lemberg, | : |
| | : Civil Action No.: _____ |
| Plaintiff, | : |
| v. | : |
| | : |
| Pioneer Credit Recovery, Inc.; and DOES 1- | : **COMPLAINT** |
| 10, inclusive, | : |
| | : |
| | : |
| Defendants. | : |

For this Complaint, the Plaintiff, Rachael Lemberg, by undersigned counsel,

states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's

personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer

debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

4.      The Plaintiff, Rachael Lemberg ("Plaintiff"), is an adult individual residing in

Gaithersburg, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Pioneer Credit Recovery, Inc. ("Pioneer"), is a New York business entity with an address of 26 Edward Street, Arcade, New York 14009, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Pioneer and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Pioneer at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

8.      The Plaintiff incurred a financial obligation in the approximate amount of $5,561.46 (the "Debt") to American Education Services (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Pioneer for collection, or Pioneer was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Pioneer Engages in Harassment and Abusive Tactics

12.     Within the last year, Pioneer contacted Plaintiff in an attempt to collect the Debt.

13.     Pioneer failed to send Plaintiff a validation letter. Instead, the validation letter was mailed to Plaintiff's ex-husband's address, where Plaintiff never lived.

2

14.     The letter informed Plaintiff's ex-husband that Plaintiff owed the Debt and that Plaintiff's wages were about to be garnished. This caused a great deal of embarrassment to Plaintiff.

### C. Plaintiff Suffered Actual Damages

15.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

16.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

17.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

18.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

20.     The Defendants' conduct violated 15 U.S.C. § 1692d  in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

21.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the Debt.

3

22.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the Debt was owed.

23.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the Debt within thirty days.

24.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

25.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to request the name and address of the original creditor.

26.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

28.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

30.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

4

31.     The Defendants disclosed or threatened to disclose information to a person other than the Plaintiff or his spouse information affecting the Plaintiff's reputation, with knowledge that the third party the Defendants were contacting had no business need for such information, in violation of MD. Code Comm. Law § 14-202(5).

32.     The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4.  Actual damages pursuant to MD. Code Comm. Law § 14-203;

5.  Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6.  Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

7.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 27, 2012

Respectfully submitted,

5

By  /s/ Forrest E. Mays

Forrest E. Mays (Bar No. 07510)
1783 Forest Drive, Suite 109
Annapolis, MD  21401
Telephone: (410) 267-6297
Facsimile: (410) 267-6234
Email: mayslaw@mac.com

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
ATTORNEYS FOR PLAINTIFF